IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. SIMMERS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| TECHTRONIC INDUSTRIES  NORTH | ) | |
| AMERICA, INC.,  ONE WORLD | ) | |
| TECHNOLOGIES, INC.  AND RYOBI | ) | |
| TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff JAMES H. SIMMERS, JR.  files  the  instant  Complaint  against Defendants TECHTRONIC INDUSTRIES  NORTH  AMERICA,  INC.,  ONE WORLD  TECHNOLOGIES,  INC. AND RYOBI  TECHNOLOGIES,  INC and states as follows:

## PARTIES

1.     Plaintiff  James  H.  Simmers,  Jr.  is  an  individual  residing  in Morrisville, Pennsylvania.

2.     Defendant Ryobi Technologies, Inc. is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.  Ryobi may be served with process by serving its registered

agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

3.     Defendant Techtronic Industries North America, Inc. ("TTI-NA") is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.  TTI-NA may be served with process by serving its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

4.     Defendant One World Technologies, Inc. is a Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.  TTI-NA may be served with process by serving its registered agent, Corporation Service Company, 2711 Centreville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over Defendants because the causes of action asserted herein arose out of the Defendants' contacts with this state, because, at all relevant times, they designed, manufactured, sold, distributed, promoted and placed into the stream of commerce in Pennsylvania numerous power tools.  Defendants also conducted business in the State of Pennsylvania and the causes of action asserted herein arose from and are connected to purposeful

acts taken by Defendants in Pennsylvania.  Defendants' contacts with Pennsylvania were continuous and systematic.

6.      Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000. Venue is proper in this Court because the causes of action asserted herein arose in Pennsylvania.

## FACTS

7.      This suit arises out of the serious and permanent personal injuries suffered by Plaintiff on or about August 30, 2013 due to the wrongful conduct of Defendants in designing, manufacturing, distributing and selling a Ryobi BTS10 table saw, Serial No. XX041197536 (the "Ryobi Saw").

8.      Defendants designed, manufactured, marketed and sold the Ryobi Saw at issue.  In so doing, Defendants failed to utilize available safety technology in the Ryobi Saw.

9.      The Ryobi Saw, like all table saws sold in the United States, is required to be sold with a blade guard.  However, the blade guard on the Ryobi Saw is extremely difficult to use and must be removed for a user to make certain cuts with the saw.  Once removed, it is extremely difficult to reattach the blade guard.  Thus, it is common practice for users of the Ryobi Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the

machine while using the table saw.  This widespread practice was well know by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

10.     The Ryobi Saw also comes with a splitter or spreader attached to the guard that is designed to prevent kickbacks while cutting.  A kickback is often the result of the saw blade being pinched by the wood as it is being cut.  The back of the saw blade can cause the wood to jerk or kick back at high velocity into the user, causing the user's hands or fingers to be landed on or be pulled into the spinning blade of the saw and leading to catastrophic and permanent injuries. Kickbacks are a common and well-recognized phenomenon that Defendants had actual knowledge at the time the Ryobi Saw was designed, manufactured, distributed and sold.

11.     Defendants designed the splitter or spreader of the Ryobi Saw to be attached directly to the guard.  When the guard is removed, as it often is, no kickback protection is provided to the user.  Because it used such a splitter or spreader design, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

12.     Defendants have known for many years that kickbacks can be substantially reduced or eliminated by using a riving knife rather than a spreader or

splitter. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks. Riving knifes have been used for decades in Europe and are required on all power tables saws sold in Europe. Recently, riving knifes have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

13.    The Ryobi Saw used by Plaintiff did not have a riving knife. Had Defendants used this safer alternative design on the Ryobi Saw, Plaintiff would not have been injured or his injuries would have been substantially reduced. Because it lacked a riving knife, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

14.    For many years other technology has been available that would have eliminated or reduced Plaintiff's injury. Such technology, known as SawStop, stops the spinning saw blade almost instantly upon contact with human skin.

15.    Defendants were aware of flesh-sensing technology that stops a spinning table saw blade almost instantly upon contact with human skin. Stephen Gass, the inventor of the SawStop technology, offered to make the technology available to table saw  manufacturers through a licensing agreement. The SawStop technology was feasible for incorporation into the Ryobi Saw.

16.    Defendants and other table saw manufacturers failed to pursue a license of the available SawStop technology or to incorporate similar technology into their table saws. As a result, the Ryobi Saw had no flesh-detecting technology or other similar technology that would stop a spinning saw blade upon contact with human skin.  Because it lacked such technology, the Ryobi Saw was unreasonably dangerous as designed and manufactured.

17.    On or about August 30, 2013, while using the Ryobi Saw in the reasonable, foreseeable and intended manner, Plaintiff suffered severe and permanent personal injuries caused by contact between his fingers and the saw's rotating blade.   At the time of his injury, Plaintiff was acting reasonably and was exercising all due care for his own safety.

## COUNT I
## STRICT LIABILITY

18.    Plaintiff re-alleges Paragraphs 1 through 17 and incorporates them herein by reference.

19.    Defendants are liable under the theory of product liability as set forth under Pennsylvania law and § 402A and 402B of the Restatement of Torts Second. These Defendants at all times material hereto engaged in the business of designing the Ryobi Saw.  The Ryobi Saw was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by the Defendants and at the time it left Defendants' possession.   The Ryobi Saw reached Plaintiff without any

substantial change in its condition and the Ryobi Saw was in the possession of the Defendants at the time the defect occurred.

20.   The condition of the Ryobi Saw made it unreasonably dangerous for its intended use.  Plaintiff was a user of the Ryobi Saw and was unaware of the defect and used the Ryobi Saw in a reasonable, foreseeable and intended manner. The injury suffered by Plaintiff was the exact type of injury that can be caused by a defective table saw.

21.   The Ryobi Saw failed to perform as safely as an ordinary consumer, such as Plaintiff, would expect when used in an intended or reasonably foreseeable manner.  The benefits of the design of the Ryobi Saw do not outweigh the risk of danger inherent in such design.  Moreover, the Defendants could have provided a safer alternative design into the Ryobi Saw that included, among other things, a riving knife, a better blade guard system and flesh detection technology.  Such a safer alternative design existed at the time the Ryobi Saw was manufactured, and it would not have substantially impaired the Ryobi Saw's utility.   Such safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge.  The Ryobi Saw's defective design was a proximate cause of Plaintiff's injuries and damages.

22.    The defective design of the Ryobi Saw was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

23.    For these reasons, the Defendants are liable under Pennsylvania product liability law and the Restatement (Second) of Torts.

## COUNT II
## BREACH OF IMPLIED WARRANTY

24.    Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 17 and incorporates them herein by reference.

25.    Defendants impliedly warranted to Plaintiff pursuant to Pennsylvania Consolidated Statutes 13 Pa. CSA § 2314 that the Ryobi Saw and its component parts were merchantable, safe and fit for their ordinary purpose.  The Ryobi Saw did not comply with the implied warranty of merchantability because: (1) it was not of fair or average quality within the description; and (2) it was defective and unfit for the ordinary purposes for which table saws are used.

26.    Defendants' breaches of the implied warranty of merchantability were a proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities. Defendants are liable to Plaintiff for breach of the warranty of merchantability.

## COUNT III
## NEGLIGENCE

27.    Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 17 and incorporates them herein by reference.

28.    Defendants were negligent in their design of the Ryobi Saw.  As a direct and proximate result of Defendants' negligence, Plaintiff was injured and suffered physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.  Defendants are liable to Plaintiff for such damages.

## DAMAGES

29.    The wrongful acts of Defendants set forth above were a legal cause of Plaintiff's injuries and damages.  Plaintiff seeks all actual damages available under Pennsylvania law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; (c) damages for lost wages; and (d) damages for loss of Plaintiff's ability to engage in usual and normal activities.

## CONDITIONS PRECEDENT

30.    All conditions precedent to Plaintiff's recovery under the foregoing claims have been performed, have occurred or have been excused.

## DEMAND FOR JURY TRIAL

31.    Plaintiff hereby demands a jury trial on all claims so triable in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

a.    Compensatory damages in an amount supported by the evidence at trial;

b.    Damages including:  pain, mental anguish, impairment, disfigurement, lost wages and reasonable and necessary past and future medical expenses.

c.    An award for attorney's fees, pre-judgment and post-judgment interest, and costs of suit, as provided by law; and

d.    Such other legal and equitable relief this Court deems just and proper.

Respectfully Submitted,

Michael Heygood, Esq.
PA Bar No. 310940
**HEYGOOD, ORR & PEARSON**
2331 West Northwest Highway, 2nd Floor
Dallas, TX 75220
Telephone No.: (214) 237-9001
Facsimile No.:  (214) 237-9002

Attorneys for Plaintiff

10

Admission Pro Hac Vice will be sought for:

Eric D. Pearson, Esq.
John Chapman, Esq.
**HEYGOOD, ORR & PEARSON**
2331 West Northwest Highway, 2nd Floor
Dallas, TX 75220
Telephone No.: (214) 237-9001
Facsimile No.:   (214) 237-9002

Richard J. Sullivan
**SULLIVAN & SULLIVAN LLP**
40 Washington Street
Wellesley, MA 02481
Telephone:  (781) 263-9400